[No. 2262]

## THE STATE OF NEVADA, RESPONDENT, v. SAM BACHMAN, APPELLANT.

[168 Pac. 733]

1. GRAND JURY—NUMBER TO SELECT FROM.
   That the grand jury was selected from twenty-three instead of twenty-four persons is not ground for challenge.

2. GRAND JURY—RIGHT TO CHALLENGE.
   Accused's right to challenge the panel or any individual grand juror was a substantial right.

3. GRAND JURY—RIGHT TO CHALLENGE—"HELD TO ANSWER."
   On resubmission of an indictment to the grand jury, accused was "held to answer" within Rev. Laws, 7003, giving a person so held the right to challenge the panel or an individual grand juror, in view of section 7093, providing for retention of custody of accused on resubmission.

4. GRAND JURY—OBJECTIONS TO JURORS—WAIVER.
   Accused cannot complain of the court's refusal to consider the challenges before the grand jury was sworn, where he failed to take advantage of the ruling of the court that all points that could be raised then might be raised at the proper stage of the proceedings, in view of Rev. Laws, 7090, providing that indictments may be set aside on motion for any of the grounds which would have been good as challenges either to the panel or to any individual grand juror.

5. JURY — SELECTION OF TRIAL PANEL — PRESENCE OF DISTRICT ATTORNEY.
   In the absence of bad faith or corruption on the part of the board of county commissioners in selecting jurors for the year, the presence of the district attorney and his offering suggestions as to qualifications would not vitiate the panel.

6. JURY—TRIAL PANEL—SELECTION—IRREGULARITY.
   That the names of the trial jurors were deposited by the commissioners in a jury box which contained names of trial jurors selected for the previous year, which had not been withdrawn therefrom, did not prejudice accused.

7. CRIMINAL LAW—REVIEW—IMPROPER EVIDENCE—CURE BY OTHER TESTIMONY.
   If there was error in the admission of the transcript of certain testimony in a *habeas corpus* proceeding in which accused resisted extradition in another case, it was cured by his testimony relating to the same facts.

8. CRIMINAL LAW—WITNESS AGAINST SELF—VOLUNTARY TESTIMONY.
   Where testimony was freely and voluntarily given, accused cannot complain that he was compelled to be a witness against himself, in violation of his constitutional right.

9. CRIMINAL LAW—PRODUCTION OF CONFESSION OF ACCOMPLICE.
   If the confession of an accomplice was in possession of the district attorney and was a matter of which, under the rules

of cross-examination, defendant could have made use for the purpose of impeaching the accomplice, defendant was entitled to have the confession produced for the purpose of cross-examination.

10. CRIMINAL LAW—ERRORS NOT APPEARING PREJUDICIAL FROM RECORD. The refusal of the court to require the district attorney to produce the confession of the accomplice for use by defendant on cross-examination of the accomplice is not ground for reversal; there being nothing in the record showing that defendant was prejudiced by the refusal.

APPEAL from the Fourth Judicial District Court, Elko County; *E. J. L. Taber*, Judge.

Sam Bachman was convicted of grand larceny, and appeals from the judgment and from an order denying his motion for new trial. **Affirmed.**

*J. M. McNamara* and *Carey Van Fleet*, for Appellant:

The appellant, while in the custody of the sheriff, prior to and at the time of the impaneling of the grand jury which returned the indictment, had the right to challenge individual members of said grand jury. (Rev. Laws, 7005; *State* v. *Larkin*, 11 Nev. 314; *People* v. *Romero*, 18 Cal. 93; *People* v. *Phelan*, 56 Pac. 424; *State* v. *Warner*, 88 Am. St. Rep. 422; 34 L. R. A. n. s. 255; *Agnew* v. *United States*, 41 L. Ed. 624; *People ex rel. Bonfilis* v. *District Court*, 66 Pac. 1068; *People* v. *Geiger*, 49 Cal. 643; *People* v. *Hidden*, 32 Cal. 445; *United States* v. *Blodgett*, 30 Fed. Cas. No. 18,312; 20 Cyc. 1329.)

Appellant moved to set aside the indictment at the proper time, which was denied, and has taken every means under the statute to secure a fair and impartial trial; and as this was denied him at the outset, he was deprived of a right guaranteed him under the 14th Amendment to the Constitution. Such error was incurable, and sufficient in itself to warrant a reversal. (*State* v. *Warner*, 88 Am. St. Rep. 422; *People* v. *Jewett*, 3 Wend. 314; *State* v. *Corcoran*, 61 Pac. 1037; *Smith* v. *State*, 77 S. W. 453.)

The right to interpose a challenge to the grand jury for any reason, either to the panel or to the favor, for cause, should be exercised before the impanelment of the

grand jury. The fundamental principle has been laid down that neither by statute nor by judicial decision can an accused person be deprived of his right to be indicted by a regularly constituted grand jury, unless charged by information, before being tried for a felony. (*McComb* v. *District Court*, 36 Nev. 417; *People* v. *Coffman*, 24 Cal. 234.)

Grand jurors may be challenged for cause by any person liable to be affected by their findings. It is a common-law right. (1 Chitty, Crim. Law, 307; *People* v. *Jewett*, 3 Wend. 314; Clark, Crim. Proc. 119; Bishop, New Crim. Proc., vol. 1, secs. 876–878; *Commonwealth* v. *Green*, 12 Am. St. Rep. 906; *State* v. *Gillick*, 7 Iowa, 287; 20 Cyc. 1329.)

The charge against an accused must be heard by a fair and impartial grand jury; a qualified grand jury can consist only of members in whose minds there exists no bias or prejudice against either of the parties to the case. (*State* v. *Towers*, 37 Nev. 94; *Terrell* v. *Superior Court*, 60 Pac. 38; *People* v. *Hanstead*, 67 Pac. 763.)

The court erred in denying appellant's motion to quash, set aside, and strike from the files the indictment. "If the prisoner was refused the privilege of challenging the grand jury, the indictment is insufficient and worthless." (*McComb* v. *District Court, supra; State* v. *Warner*, 88 Am. St. Rep. 431.)

The court should have sustained appellant's challenge to the entire panel of grand jurors. The district attorney had no more right to take part in the selection of the grand jury list than had any other attorney in the county. (*State* v. *Johnny*, 29 Nev. 214.)

Testimony of defendant, given in the district court of Wapello County, Iowa, in which defendant was a petitioner, should not have been admitted over his objection, the admission of the transcript of said testimony resulting in a restriction of appellant's right of cross-examination. (Wigmore on Evidence, vol. 2, sec. 1386.) The issues were not the same in the *habeas corpus* proceeding as in the case at bar; the transcript of the testimony could not

have served as an accurate test for exposing any falsehoods or inaccuracies. (*People* v. *Bruno,* 161 N. Y. Supp. 648.)

The court erred in refusing defendant's demand for the confession of an accomplice. This was demanded for the purposes of cross-examination. The refusal of the district attorney to produce said confession restricted the limits of defendant's cross-examination. Defendant was entitled to an inspection of the confession. It was an abuse of discretion by the court to refuse to order its delivery upon proper showing made. (Rev. Laws, 5416.)

*Geo. B. Thatcher,* Attorney-General; *E. P. Carville,* District Attorney, and *Chas. A. Cantwell,* Deputy District Attorney, for Respondent:

Appellant, never having been held to answer to the grand jury, had no statutory right of challenge. (Rev. Laws, 7003; *State* v. *Simas,* 25 Nev. 432; *State* v. *Fitzgerald,* 19 N. W. 202; *State* v. *Ames,* 96 N. W. 330; *State* v. *Davis,* 22 Minn. 423; *Yates* v. *State,* 29 South. 965; *Kitts* v. *Superior Court,* 90 Pac. 977; *People* v. *Borello,* 96 Pac. 404.) The indictment was found under the inquisitorial powers of the grand jury. The defendant had a statutory right to move to set the same aside upon any ground that would have been good ground for challenge had he been held to answer. He had not the right of challenge before indictment found. (Rev. Laws, 7010, 7090.)

Challenge to the favor, as to grand jurors, is not a common-law right. Such challenges can be taken only in accordance with the statute and by the persons named in the statute. (*Territory* v. *Hart,* 14 Pac. 768; *State* v. *Ames, supra; State* v. *Davis, supra; Yates* v. *State, supra; State* v. *Millain,* 3 Nev. 424.) The distinction between a denial of right of challenge to the favor and a denial of opportunity to object to the grand jury on account of race discrimination and similar constitutional objections is to be fully borne in mind. (*Thomas* v. *State,* 95 S. W. 1069; *Eastling* v. *State,* 62 S. W. 584; *Hill* v. *State,* 42 South. 380; *People* v. *Borgstrom,* 70 N. E. 780.)

Refusal of the right of challenge, even if erroneous,

did not affect the substantial rights of the defendant. (Rev. Laws, 7469, 7302; *State* v. *Geiger*, 49 Cal. 643; *State* v. *Mircovich*, 35 Nev. 485.) At common law a grand juror was not disqualified by his previous knowledge or opinion; such disqualification is entirely statutory. (27 Am. & Eng. Ency. Law, 1267.)

Full power rests in the state over remedies and procedure in its own courts, and any order it pleases may be made in respect thereto, provided the substance of the right is secured without unreasonable burden to the parties and litigants. Statutory limitation of the time and manner of making objections to grand jurors is not against the fourteenth amendment to the constitution under the "due process of law" clause. States may even do away entirely with the grand jury, or the necessity of indictment thereby as a prerequisite to prosecution. (*Hurtado* v. *California*, 110 U. S. 516; *West* v. *Louisiana*, 194 U. S. 263; *York* v. *Texas*, 137 U. S. 20; *Rowan* v. *State*, 30 Wis. 149; *In Re Krug*, 79 Fed. 311; *Kalloch* v. *Superior Court*, 56 Cal. 229.)

The objection made to the grand jurors is not such a one as affects the jurisdiction of the court; disqualification of grand jurors does not destroy the jurisdiction of the court; the objection may be waived by not being made at the proper time. (*Eureka County Bank Cases*, 35 Nev. 80, 126 Pac. 678; *McComb* v. *District Court*, 36 Nev. 417, 136 Pac. 563; *People* v. *Stacey*, 34 Cal. 307.)

Even if the admission of the testimony of appellant on the *habeas corpus* proceedings in a sister state was erroneous, the error was positively cured when he took the stand in his own behalf and testified substantially in accordance with the testimony in question. (*State* v. *O'Keefe*, 23 Nev. 127; *State* v. *Lewis*, 20 Nev. 333; *State* v. *Buster*, 23 Nev. 346; *State* v. *Johnny*, 29 Nev. 203, 219; *State* v. *Williams*, 31 Nev. 360; *State* v. *Urie*, 35 Nev. 274.) However, the testimony was admissible in the first instance. (*State* v. *Hopkins*, 42 Pac. 627; *Miller* v. *People*, 74 N. E. 743; *Rafferty* v. *State*, 16 S. W. 728, 730; *Tiner* v. *State*, 161 S. W. 195; *Dickerson* v. *State*, 4 N. W. 321; *People* v. *Gallagher*, 42 N. W. 1063; *Commonwealth* v. *Richardson*,

79 Atl. 657; *Hall* v. *State,* 32 South. 750; *State* v. *Rover,* 13 Nev. 17.)

There was no error in the refusal of the demand for the production of the alleged confession of the accomplice. (*People* v. *Emmons,* 95 Pac. 1032; *State* v. *Laird,* 100 Pac. 639; *State* v. *Terry,* 55 South. 15; *People* v. *Fitzsimmons,* 149 N. W. 976; *Ex Parte Clark,* 58 Pac. 546; *Stole* v. *Fitzgerald,* 32 S. W. 1117; *People* v. *Jackson,* 74 N. E. 565; *Morrison* v. *State,* 51 S. W. 358; *Dorris* v. *M. Coal Co.,* 64 Atl. 855; *Goss* v. *A. Weiman & Co.,* 59 South. 364.)

By the Court, SANDERS, J.:

Sam Bachman, the appellant, was indicted, tried, and convicted in the district court of the Fourth judicial district of the State of Nevada, in and for the county of Elko, of the crime of grand larceny. From an order denying his motion for a new trial, and from the judgment pronounced against him, he appeals.

Prior to his indictment for the crime for which he was tried and convicted, the accused was in the custody of the sheriff of Elko County, and in default of bail was confined in the county jail to answer two indictments found against him by a prior grand jury. One of these indictments, upon motion of the accused, was by the order of the court directed to be resubmitted to another grand jury. The panel of the grand jury was then in attendance upon the court, but had not yet been selected. The accused remained in custody in default of bail. Before the grand jury was sworn to consider the case resubmitted, the accused interposed a challenge to the panel, upon the ground that it had been selected from twenty-three instead of twenty-four persons. The court overruled the challenge, the accused excepted, and then interposed a challenge to each individual member of the grand jury, upon the ground that a state of mind existed on the part of each juror with reference to the case and to the accused which would prevent them from acting impartially and without prejudice to the substantial right of the accused. (Rev. Laws, 7005, subd. 6.)

The court declined to consider the challenge, refused to try the same, and also refused to permit the accused to inquire of each juror as to his state of mind with reference to the case and to the accused. The court's ruling is as follows:

"The court will at this time decline to consider the challenges. The record will show that you made the challenges and that the court declined to consider them for the reason that the defendant has not been held to answer, and the better practice is not to consider the challenges at this time, and as you are advised, all the points that could be raised at this time may be raised if necessary at the proper stage of the proceedings. I want you to have your record full in the matter and save your exception to the action of the court in refusing to consider the challenges at this time."

To this ruling the accused excepted. The grand jury returned three indictments against him, covering other and independent offenses than that of the accusation resubmitted, involving, however, the same subject-matter, to wit, grand larceny. Upon arrangement on one of said indictments the accused made his motion to quash and set aside the same. The motion was predicated upon the exceptions taken by the accused to the rulings of the court upon his challenge both to the panel and to the individual grand jurors:

1. First, that the grand jury was not a legal body, in that it was selected from twenty-three instead of twenty-four persons. This court has in several cases had occasion to rule upon this point adversely to the contention of appellant. (*State* v. *Casey,* 34 Nev. 154, 117 Pac. 5; *State* v. *Williams,* 31 Nev. 360, 102 Pac. 974; *State* v. *Weber,* 31 Nev. 390, 103 Pac. 411.)

2, 3. As to the second ground of the motion to quash and set aside the indictment, the question presented is more novel than difficult. The accused complains bitterly that the court's action in denying him the right to challenge the individual members of the jury before they were sworn, not only prejudiced him, but that he was deprived of his statutory and constitutional right.

It is argued that he was in custody and held to answer
in the sense of our statute. (Rev. Laws, 7003.) There
is no doubt but that the right of the accused to challenge
the panel or any individual juror was a substantial right,
and we are of the opinion that he was included in that
class of persons who are held to answer. Where an
indictment is set aside the statute provides:

"If the court directs that the case be resubmitted, the
defendant, if already in custody, must so remain unless
he is admitted to bail; or if already admitted to bail,
or money has been deposited instead thereof, the bail or
money shall be answerable for the appearance of the
defendant to answer a new indictment; and, unless a
new indictment is found before the next grand jury of
the district is discharged, the court must, on the discharge of such grand jury, make the order prescribed
by the preceding section." (Rev. Laws, 7093.)

4. We do not think, however, that the inquiry made by
argument of the accused as to whether or not he was
held or not held to answer is material to the question
presented for our decision upon this point. The main
question is, Was the accused, by the court's action in
refusing to consider his challenges before the jury was
sworn, deprived of his statutory and constitutional right,
or did he, by the court's ruling, lose his substantial right
of challenge? An accused who has been indicted without an opportunity to challenge the grand jury is not
without a remedy. Under the ruling of the court, the
accused was advised that all the points that could be
raised at that time might be raised if necessary at the
proper stage of the proceedings. We infer from this
language that the court could have had in mind only
subdivision 4 of section 7090, Revised Laws, which
provides:

"The indictment must be set aside by the court in
which the defendant is arraigned, upon his motion, in
any of the following cases. * * * 4. When the defendant had not been held to answer before the finding of
the indictment, on any ground which would have been

good ground for challenge either to the panel or to any individual grand juror."

In the case of *McComb* v. *District Court,* 36 Nev. 417, 136 Pac. 563, this court declared that where an accused was held to answer and failed to interpose a challenge to the individual jurors before his indictment, he could not thereafter take advantage of his own neglect or failure; but in the case at bar it appears that while the court was of the opinion that the accused was not held to answer, he had the remedy provided by section 7090, Revised Laws, upon a motion to set aside the indictment. It is obvious that the accused endeavored to take advantage of this section of the statute upon his motion to quash and set aside the indictment, but he apparently preferred to rest his motion upon the denial of his right to challenge the individual members of the grand jury in the first instance, and offered no proof upon his motion to set aside that there existed on the part of any member of the grand jury a state of mind prejudicial to him or to his cause.

In the case of *State* v. *Larkin,* 11 Nev. 324, the accused was in custody at the time the indictment was found against him, and neither he nor his counsel had an opportunity to interpose a challenge to the panel or to any individual member of the jury, and he moved the court to set aside the indictment upon the ground that he was in custody and held to answer and had been deprived of his statutory and constitutional right to challenge the individual members of the grand jury which had found the indictment against him. The court, after duly considering the facts, stated to the defendant and his counsel that they could move to set aside the indictment by taking any objection thereto that might have been taken advantage of to the said grand jury or to any member thereof had the defendant appeared before said grand jury. No desire being expressed by the defendant, the court overruled the motion. In the case at bar, it appears that the accused was expressly granted the privilege, by the ruling of

the court and by the statute, to set aside the indictment upon any ground which would have been good ground for challenge either to the panel or to any individual grand juror, but this he declined. In the Larkin case the court said:

"From these facts it appears that at the time the grand jury was impaneled defendant was not held to answer before it for any offense. He, however, had the privilege, under the ruling of the court, as well as by virtue of the provisions of section 276 of the criminal practice act (section 7090, Rev. Laws), to move to set aside the indictment 'on any ground which would have been good ground of challenge either to the panel or any individual grand juror.' * * * Having refused to exercise this privilege, he is not in a position to complain of the ruling of the court."

We are of the opinion that the accused is in no position to complain of the ruling of the court, and that his grievance in this particular is more technical than substantial. We do not, however, commend the practice pursued by the court in this instance. Whatever may be its individual opinion as to the question of the policy of the statute which gives the right to the accused to interpose a challenge to the panel or to individual jurors, it is preeminently better to adhere, if possible, to the practice established by its own jurisdiction, rather than incur the risk of a mistrial by a departure therefrom and following a practice that might result in a miscarriage of justice.

5. The accused next contends that the court erred in denying his challenge to the entire panel of trial jurors. This alleged error is predicated upon the fact that the district attorney was present with the board of county commissioners of Elko County, at its first session in January, 1916, and took part in the selection of trial jurors for that particular year by making suggestions to the commissioners as to who or who would not be qualified jurors as their names were selected. The facts as disclosed by the bill of exceptions do not sustain

this contention. (*State* v. *Johnny,* 29 Nev. 203, 87 Pac. 3.) The trial jurors were selected by the board of county commissioners; and, in the absence of bad faith or corporation on their part, the presence of the district attorney and his offering suggestions as to this or that juryman's qualifications do not vitiate the panel. The true test is not whether the name of a juror was properly or improperly placed on the jury list by the commissioners, but the objection to him is when he serves. (*State* v. *Perry,* 122 N. C. 1018, 29 S. E. 384.)

6. It is also contended that the names of the trial jurors were deposited by the commissioners in a jury box which contained names of trial jurors selected for the previous year, which had not been drawn therefrom for service. Courts are forced to apprehend that challenges are not always intended to subserve the ends of justice. Certainly the accused was in no manner prejudiced by this irregularity of the board of county commissioners.

7, 8. The next assignment of error is based upon the reception in evidence of the transcript of certain testimony given by appellant before a court in the State of Iowa upon a *habeas corpus* proceeding instituted therein by the said appellant in resisting extradition proceedings based upon an indictment for an offense distinct from that for which he was then being tried. It cannot be ascertained from the record upon what theory the admission of this evidence was material, unless we are left to infer from the argument of counsel that it was admitted for the purpose of certain admissions contained therein relevant and material to the inquiry then under consideration. It is the contention of the accused that by the admission of this evidence he was compelled to be a witness against himself, in violation of his constitutional right. There is no force to this contention, because it appears from the evidence that the testimony was freely and voluntarily given. If there was an error in the admission of this testimony, it was cured by the testimony of the accused when examined as a witness in

his own behalf. His testimony related to the same facts as appear to have been testified to in the *habeas corpus* proceedings.

9, 10. The next assignment of error is based upon the refusal by the trial court to grant the demand of the accused for an alleged confession of one Lou Duval, an accomplice of the accused. When Duval was being examined as a witness on behalf of the state, the accused demanded of the district attorney an alleged confession, reduced to writing, for the purposes of cross-examination. It is our opinion that if such a confession was in writing and in the possession of the district attorney, and was a matter of which, under the rules of cross-examination, the defendant could have made use for the purpose of impeachment or to bring to the attention of the witness statements by him at other times contrary to those made on the witness stand, which matter would have gone to the question of the credibility of the witness, his honesty, or sincerity, the defendant was entitled to have the confession or writing containing such confession produced. There is nothing in the record from which we may gain even an intimation that the appellant was prejudiced by the refusal of the court in this instance to require the prosecuting attorney to present the confession. Hence we deem the error in this respect not sufficient to warrant a reversal of the judgment. We are referred by respondent to a number of cases by virtue of which they contend that appellant was not entitled to have the confession produced. They refer especially to the case of *People* v. *Emmons,* 7 Cal. App. 685, 95 Pac. 1032. The question was there touched upon by the Supreme Court of California, and under the authority of *People* v. *Glaze,* 139 Cal. 157, 72 Pac. 966, it was held that the trial court committed no error in refusing to direct the district attorney to produce a certain writing containing a statement made by a witness for the prosecution. In the case of *People* v. *Glaze,* that court said:

"The statement could not have been used in evidence,

McCarran, C. J., concurring

except for the purpose of impeaching the witness, by showing thereby that he had made statements out of court inconsistent with the testimony given by him on the trial. * * * The only statements that can be used for that purpose, if in writing, are statements made by the witness himself, either directly in his handwriting or over his signature, or indirectly by his adoption of or admission of the correctness of a written report of his statements made by some other person. He cannot be held responsible for a statement taken down by another purporting to be a report of his oral declarations, unless he has been made acquainted with the contents of such statement, and directly or indirectly admitted that it was correct. * * * Unless it is shown that there is good reason to believe that the document when produced would be admissible in evidence for some purpose in the case, the court need not compel its production."

The record in the case at bar fails to disclose sufficient to warrant us in determining whether the confession called for would have been admissible in evidence, either for the purpose of impeachment or for any other purpose.

The judgment and order appealed from are affirmed.

McCARRAN, C. J.:

I concur in the order. My concurrence, however, is based upon that portion of the record which discloses that the appellant, on his motion to quash the indictment, and at the time the court offered to permit him to show whether any grand juror, prior to the consideration of the appellant's case, was possessed of a state of mind in reference to the defendant which would prevent such grand juror from acting impartially, rather stood upon his offer to challenge prior to the impanelment. The appellant here had previously been indicted by the grand jury of Elko County, and pursuant to such indictment had been extradited from the State of Iowa. On motion of appellant's counsel the indictment had

been quashed and set aside, and an order had been made by the trial court, under section 7093, Revised Laws, resubmitting the case to another grand jury. The appellant was then in custody, and remained in custody. On the impaneling of the new grand jury appellant and his counsel were in court and attempted to challenge several individual members of the grand jury under subdivision 6 of section 7005, Revised Laws, which is as follows:

" * * * 6. That a state of mind exists on his part in reference to the case, or to either party, which will prevent him from acting impartially and without prejudice to the substantial rights of the party challenging. * * *"

It would be resorting to an unwarranted fiction to say that the appellant was not held to answer at the time at which he, through his counsel, sought to interpose this challenge to the grand jury, then about to be impaneled. The appellant was held to answer, he was in custody, he was present in court with his attorney, and should have been permitted to challenge the members of the grand jury. This right was denied by the trial court. These statutory provisions relative to the impeachment of grand juries, their selection and formation, and the ground for challenge to the panel and to the individual juror, are sacred, solemn provisions of the law, enacted by the legislative body, specific in their prescription, and courts must either abide by them and enforce them or else arrogate to themselves legislative functions.

In the case of *McComb* v. *District Court*, 36 Nev. 417, 136 Pac. 563, this court, by a majority of its members, declared that where an accused was held to answer and failed to interpose a challenge to the individual grand jurors before his indictment, he could not thereafter take advantage of his own neglect or failure. If the strict letter of the law as laid down by the interpretation rendered by a majority of this court in the McComb case were applied here, there would be no alternative

McCarran, C. J., concurring

save to reverse the judgment. I say this because the defendant, seeking to comply with the rule as laid down in the McComb case, attempted to challenge the grand jurors before the indictment was found. By the rule of the McComb case, this was the proper and only course. The trial court denied appellant this privilege. By the rule in the McComb case, he could not thereafter take advantage of the right to challenge. Hence he was cut off from a statutory right vital to his interests.

It is manifest from the record that the trial court overlooked the rule in the McComb case and sought to permit the appellant to interpose his challenge to the individual members of the grand jury after the indictment had been filed against him, under subdivision 4, section 7090, Revised Laws. The prevailing opinion here must close its eyes to the majority opinion in the McComb case, otherwise the case must be reversed. Indeed, I look forward to the time when this court will reverse the position taken by the majority of the court in that case. Trial courts should not hazard reversal in matters of this character, when the letter and spirit of the statute is so manifest. Had the appellant on the occasion of his motion to quash taken advantage of the opportunity afforded by the trial court, and had he then established the fact that prior to the finding of the indictment certain designated members of the grand jury were possessed of a state of mind with reference to the defendant, or to the case, which prevented them from acting impartially and without prejudice to the substantial rights of the defendant, the case must necessarily have been reversed.