STATE OF NEBRASKA, APPELLEE, v. JOHN L. McCOWN,
APPELLANT.

204 N. W. 2d 85

Filed January 26, 1973.    No. 38567.

See *ante* p. 495, 203 N.
W. 2d 445, for majority opinion.

Dalke, Carlson & Thompson, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J., dissenting.

I dissent from that portion of the court's opinion dealing with the denial of the request of defendant's counsel to examine for purposes of possible impeachment a previous statement of the accomplice Haynes who had been granted immunity by the State and called as a prosecution witness. I would hold that there was an abuse of discretion by the trial court.

The majority opinion on the above issue rests its conclusion upon a claimed failure of counsel to make use of the discovery statute, section 29-1912, R. S. Supp., 1972. A careful examination of this statute clearly shows it does not require or authorize the production of a statement given by a witness *or a codefendant*. Neither was discovery by deposition under section 29-1917, R. S. Supp., 1972, available to the defendant. He could not compel his alleged accomplice or codefendant to testify, for to require the codefendant to do so would necessarily be to compel him to testify against himself. The defendant could not give his accomplice an immunity bath as could the State.

The conviction of the defendant rested almost completely upon the testimony of Haynes. It is funda-

mentally unfair to deny an opportunity to examine prior statements of an accomplice who has been granted immunity and who has the strongest of motives for lying or coloring his testimony. The majority opinion says: "We cannot see how McCown on the record could have been prejudiced by its refusal." The truth is we do not know and cannot know whether there is prejudice because the statement is not in the record. If the trial court refuses to require production of a prior statement of the witness, the statement should be made a part of the record on appeal in order that the defendant will not be deprived of an opportunity to show that the trial judge abused discretion in refusing to grant the demand and that the defendant was harmed by such ruling. Gaskin v. State (Tex.), 353 S. W. 2d 467. The majority opinion characterizes the request of counsel as a motion for a recess. It was not exclusively a motion for a recess as the majority opinion indicates. The principal request was a motion to produce, and this the trial court denied and as a result the statement did not get into the record.

Nebraska cases such as Erving v. State, 174 Neb. 90, 116 N. W. 2d 7, do not seem applicable under their very different facts. The proper rule which should be applicable here is as set forth in State v. Bachman, 41 Nev. 197, 168 P. 733.

I would require the State to produce the statement for examination by the defendant's counsel, and if the statement contains relevant and material matter inconsistent with the trial testimony of the witness and which could reasonably have affected the outcome, then that a new trial be granted.