The BOYER COMPANY, a Utah Corporation, and H. Roger Boyer dba the Boyer Company, Plaintiffs and Appellants,

v.

E. Keith LIGNELL and Burton M. Todd, Defendants and Respondents.

No. 14442.

Supreme Court of Utah.

Aug. 1, 1977.

Bruce A. Maak and C. Keith Rooker, of Martineau & Maak, Salt Lake City, for plaintiffs and appellants.

J. Thomas Bowen and Earl D. Tanner, of Earl D. Tanner & Associates, Salt Lake City, for defendants and respondents.

CONDER, District Judge:

Plaintiffs bring this action to collect a real estate commission. The defendants were the owners of the Shaughnessy Apartments in Salt Lake City, Utah. They considered selling the apartments and were contacted by the plaintiff, Mr. H. Roger Boyer, a licensed real estate agent, who said he thought he might have a customer for the property, and asked for a listing.

On October 1, 1973, a letter was signed by the defendant, Burton Todd, to the plaintiff, H. Roger Boyer, authorizing him to sell the property for $950,000 and for which the plaintiff was to receive a real estate commission of six per cent of the difference between the sale price and the mortgage balance. The latter specified that the "Dental Building" was not part of the transaction and would remain the property of the defendants.

On October 11, 1973, the plaintiff presented an Earnest Money Receipt and Offer to Purchase the apartments for the sum of $921,500, but subject to the " . . . ability to assume above mortgage or equivalent financing. Also, seller agrees to lease back property from buyer for a period of three years for $36,500 per annum with lessee paying all expenses and mortgage payments." These conditions were not included in the letter of Dr. Todd and the last sentence referring to the lease back was stricken by the defendants and then signed. It should be noted that the "Dental Building" was not specifically excluded on this document and did not conform to the letter written by Dr. Todd on October 1, 1973.

The buyer under the Earnest Money Agreement was the Osmond Brothers, an internationally popular singing group. A problem arose because of the clause "Offer made subject to ability to assume above mortgage or equivalent financing." The sellers had a mortgage on the property with Northwestern Mutual Life Insurance Company bearing the interest of seven per cent (7%) per annum. Although no one seemed to question the financial ability or solvency of the proposed "buyer," the sale was not consummated because the lender apparently wanted a greater interest rate, or at least no assumption agreement was worked out. Finally, on November 19, 1973, Dr. Todd wrote to the plaintiff and withdrew the offer to sell the apartment house.

Trial was held before the court without a jury. The court found the issues in favor of the defendants. Plaintiffs appeal.

Plaintiffs raise three issues on appeal and claim that the trial court erred in: (1) adopting the findings of fact as prepared by the defendant without any modification or change; (2) ruling that the corporate plaintiff could not collect a real estate commission, since it was not licensed as a real estate broker during the period of time in issue; and (3) failing to find that the defendants, through their bad faith and refusal to cooperate and conclude the sale, prevented the consummation of the sale and thus plaintiffs are entitled to their commission as a matter of law.

▮ The first issue raised is the matter of the trial court adopting the findings of fact as submitted by the counsel for defendant. The law is well settled that it is the duty of the trial judge in contested cases to find facts upon all material issues submitted for decision unless findings are waived.[1] The court may ask counsel to submit findings to aid the court in making the necessary findings for the particular case.[2] While we do not recommend that the trial judge "mechanically adopt" the findings as prepared by the prevailing party, we certainly do not find such to be the fact in this case. After the proposed "find-

---

1. Rule 52(a), U.R.C.P.; *Baird v. Upper Canal Irrigation Co.*, 70 Utah 57, 257 P. 1060.

2. Moore's Federal Practice, Vol. 5A, p. 2724.

ings" were submitted by defendants' counsel, the plaintiff filed objections and proposed amendments which were argued before the trial court who ultimately adopted the findings as submitted. The discretion of adopting the findings as submitted to the trial court is exclusively in that court as long as the findings are not clearly contrary to the evidence.[3] We find no error in this regard.

The second and third issues will be discussed together. We hold that since the defendants are not liable for the real estate commission the second issue becomes moot.

 The law is well settled that the broker is not entitled to a real estate commission until he has a written binding offer or agreement signed by a ready, willing and able purchaser.[4] This means that all of the terms and conditions must be agreed upon between the parties. Since all of the terms were not agreed upon between the parties, no commission was earned.

The original letter from Dr. Todd to Mr. Boyer set forth the terms under which the defendants would sell the property, i. e., $950,000 subject to approval of Northwestern Mutual Life Insurance Company, and separating the dental building from the transaction. The earnest money offer made by the Osmond Brothers was to purchase the property for $921,500 subject to seven per cent (7%) mortgage of Northwestern Mutual Life Insurance Company, and a lease back agreement by sellers. The lease back provision was stricken by the sellers. There is a dispute in the record as to whether or not this deleted portion was accepted by the buyer. The trial court found that this counter offer was never accepted. The earnest money agreement as submitted by the buyer also contained the clause "Offer made subject to ability to assume above mortgage or equivalent financing." The plaintiffs complain that the defendants refused to diligently seek the assumption of the loan for the buyer. Plaintiffs misconceive the responsibility for such assumption. Since the buyer put the condition in the earnest money agreement, it is the buyer's burden to diligently seek out the assumption in the absence of any evidence to the contrary. Plaintiffs quote at length in their brief from the deposition of Mr. MacLeod, the agent for Northwestern, to the effect that if he had received a recommendation for a transfer of the loan at seven per cent he would have so recommended to the company. In the first place, a deposition is not part of the record of the case unless it is made such by the trial court. Secondly, in the matter of the cooperation of the defendants the trial court found the issue in favor of the defendants as follows: "Defendants did not fail or refuse to cooperate with plaintiffs toward the consummation of the sale or otherwise block the sale or prevent H. Roger Boyer from performing under the terms of subject listing agreement." The record adequately supports such a finding.

The record also shows that the defendants cooperated by referring the matter to the insurance company to be worked out between the plaintiffs and the company. Dr. Todd testified as follows:

A. As I recall we had given Roger Boyer permission to contact him (Mr. MacLeod) himself and see what he could work out with him.

Q. Did you ever tell Mr. MacLeod you are allowing Mr. Boyer to do that?

A. I told him who the agents were and who the people were and he could talk with him, yes.

 This Court recognizes the principle of law that a party to a real estate listing agreement cannot prevent or interfere with the performance of the agreement and then assert the nonperformance as a defense.[5] However, such is not the fact in this case.

---

3. *Merrill v. Bailey and Sons, Co.*, 99 Utah 323, 106 P.2d 255.

4. 12 Am.Jur., Brokers, p. 922; *Curtis v. Mortensen*, 1 Utah 2d 354; 267 P.2d 237.

5. *Hoyt v. Wasatch Homes*, 1 Utah 2d 9, 261 P.2d 927 (1953); *Cannon v. Stevens,* Utah, 560 P.2d 1383 (1977).

There is substantial competent evidence upon which the trial court could base its findings. This court will not reverse the trial court under such circumstances.[6]

A careful review of the record causes us to affirm the trial court. Costs to respondent.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

HALL, J., having disqualified himself does not participate herein.

6. *Tolman Construction Co. v. Myton Water Assn.*, Utah, 563 P.2d 780 (1977); *Nielsen v. Rasmussen*, Utah, 558 P.2d 511 (1976); *Hardy v. Hendrickson*, 27 Utah 2d 251, 495 P.2d 28 (1972); *Charlton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176 (1961).