**STATE of Utah, Plaintiff and Appellee,**

v.

**Mikel Shane MILLER, Defendant and Appellant.**

**No. 910071–CA.**

Court of Appeals of Utah.

March 24, 1992.

Charles F. Loyd, Jr. and Ronald S. Fujino, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and J. Kevin Murphy, Salt Lake City, for plaintiff and appellee.

Before GARFF, GREENWOOD and RUSSON, JJ.

## OPINION

GARFF, Judge:

Mikel Shane Miller appeals his conviction of third degree burglary and third degree theft, claiming the trial judge improperly admitted into evidence a coerced and involuntary confession. We affirm.

## FACTS

Miller was booked into the Salt Lake County Jail on July 2 or 3, 1990, following a parole violation unrelated to the charges involved in this appeal. On July 6, 1990, a detective interrogated Miller about his possible involvement in a burglary and theft of a computer store.

Prior to the interrogation, the detective informed Miller of the potential charges facing him and read Miller his *Miranda* rights. The detective promised Miller that he would make the best recommendation possible to the prosecutor and would attempt to "get [the charges] filed as low as he possibly could" if Miller cooperated. The detective also informed Miller that he potentially faced federal charges and resulting penalties. Miller then confessed to the crimes and was released from jail into the custody of the detective in order to help recover the stolen goods.

Miller cooperated extensively with the detective in recovering the stolen goods. He also cooperated with other officers in a later, successful sting operation. Felony charges were, however, eventually filed against Miller.

At trial, the State sought admission of the confession. Miller objected, claiming the detective had not met his part of the bargain in getting the charges reduced to misdemeanors. Miller argued that promises of leniency and threats of federal charges coercively induced his confession.

The court applied a "totality of circumstances" test in deciding whether to admit the testimony. It found the length of time Miller had spent in jail prior to the interrogation and the threats of possible federal charges were "impermissibly coercive." However, the court, noting Miller's familiarity with the justice system and various interrogation techniques, also found him to be intelligent, well-spoken and articulate. Thus, based on the totality of the circumstances, the court declared Miller's confession voluntary and denied his motion to suppress.

Following a bench trial, Miller was convicted of two third degree felonies, burglary and theft. The trial judge commented that without Miller's confession, he could not have found Miller guilty on the theft charge.

Miller appeals, claiming the confession was improperly admitted into evidence because it was obtained through promises of leniency and threats of federal prosecution in a coercive environment. Miller also claims that the Fifth Amendment of the Utah Constitution provides broader protection against self incrimination than does the totality of the circumstances test of the federal constitution.

## STANDARD OF REVIEW

The "ultimate issue of 'voluntariness' [of a confession] is a legal question," *Arizona v. Fulminante*, —— U.S. ——, 111 S.Ct. 1246, 1252, 113 L.Ed.2d 302 (1991) (quoting *Miller v. Fenton*, 474 U.S. 104, 110, 106 S.Ct. 445, 449–50, 88 L.Ed.2d 405 (1985)); *accord, State v. Singer*, 815 P.2d 1303, 1309 (Utah App.1991), which we review independently giving no deference to the trial court. *State v. Ramirez*, 817 P.2d 774, 781 n. 3 (Utah 1991). "It is the duty of an appellate court ... 'to examine the entire record and make an independent determination of the ultimate issue of voluntariness.'" *State v. Bishop*, 753 P.2d 439, 464 n. 76 (Utah 1988) (quoting *Beckwith v. United States*, 425 U.S. 341, 348, 96 S.Ct. 1612, 1617, 48 L.Ed.2d 1 (1976)).

## TOTALITY OF THE CIRCUMSTANCES

Miller claims promises of leniency and threats of federal prosecution in a coercive environment induced his involuntary confession.

■ Miller's claim is based largely on the trial court's determination that the threat of federal charges, the promises of leniency and the length of his stay in jail prior to the interrogation were evidence of "impermissible" coercion.[1] Certainly, there are cases which support such a conclusion. Threats of possibly greater charges were found to be coercive in *State v. Rhiner*, 352 N.W.2d 258, 262–64 (Iowa 1984) (defendant coercively told "he might be in jeopardy on other charges unless he cooperated"). Promises of leniency have also been found to be a coercive factor. *United States v. Tingle*, 658 F.2d 1332, 1335 (9th Cir.1981) ("promise to seek lenient treatment" is evidence of coercion). Moreover, confinement in jail provides a

suspect setting for coercive interrogations. *State v. Moore*, 697 P.2d 233, 236 (Utah 1985).

However, in *State v. Strain*, 779 P.2d 221 (Utah 1989), the Utah Supreme Court declined to follow a strict per se rule and designated the totality of circumstances test as appropriate for determining the voluntariness of a confession.[2] *Id.* at 227. The court stated, "[w]hile in *Bram v. United States*, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897), the statement was made that any threat or promise, however slight, renders a confession involuntary and inadmissible, later cases do not repeat that rigid rule but follow the totality of all the circumstances test." *Strain*, 779 P.2d at 227. The court then remanded *Strain* to the trial court to determine the voluntariness of the confession by considering the "totality of all the surrounding circumstances." *Id.* Therefore, we continue our analysis to determine whether from the totality of the circumstances "the characteristics of the accused and the details of the interrogation" support the trial court's conclusion that the confession was voluntary. *Id.* at 225 (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973)).

■ The record reveals that defendant is an intelligent individual with some college education. The trial court noted that Miller "has a mind that can make sudden and important distinctions in language." He is also very familiar with the legal system. He has been to prison twice, jailed four times, and has had some fifteen encounters with police. Miller's own recollection of the interrogation demonstrates he was familiar with interrogation techniques and

---

1. The trial judge stated:

   There is no doubt in my mind there was some indication of leniency given to the defendant here....

   I think that what the officer told Mr. Miller in jail was ... "listen, I am close to the prosecutor. He generally will accept my recommendations. If you can help us we will see what you can produce and I will do the best I can to get him to file misdemeanor charges."

   I assume [the officer] also told [Miller] he was facing federal charges and that that was in some way a coercion.... I find that he had been in jail three or four days, which is a substantial time, and that indicates to some extent there is some coercion.

2. The United States Supreme Court likewise recently declined to follow a strict per se rule in *Arizona v. Fulminante*, —— U.S. ——, 111 S.Ct. 1246, 1252, 113 L.Ed.2d 302 (1991).

that he actively and intelligently participated in the interrogation:

> I told [the detective] I was aware where I am at that time frame with the system, unfortunately, and that I've seen the you scratch my back, I'll scratch yours type of play before, and I don't want to put my neck on the line and go through all this for nothing, to incriminate myself.... [I]f there is any way possible that I can work my way out of a felony, I would be more than willing to do that.

In short, the record reveals Miller actively participated in the interrogation process, and may have actually initiated and solicited the promise to recommend more lenient treatment, and that he was fully aware of the possible effect of a confession. In addition, the detective did not unqualifiedly promise Miller he would not be charged with a felony, but only that he would use his best efforts to have the charge reduced.

The trial judge thus correctly refused to suppress Miller's confession under the totality of the circumstances test because "the characteristics of the accused" outweigh any potentially coercive "details of the interrogation." *Id.*

### STATE CONSTITUTION

 Miller argues that the Utah Constitution provides broader protection against the admission of involuntary confessions than does the federally adopted "totality of the circumstances" test. We need not reach this issue as it was not presented to the trial court at the suppression hearing, and thereby has not been properly preserved for appeal. *State v. Anderson,* 789 P.2d 27, 29 (Utah 1990). Also, Miller has failed to present any exceptional circumstances or demonstrate plain error, either of which would warrant an exception to this rule. *See State v. Webb,* 790 P.2d 65, 78 (Utah App.1990).

Rather, Miller argues that this issue was properly preserved for appeal on the ground that he cited the case of *State v.*

---

**3.** In *Crank,* the Utah Supreme Court relied on Article I, Section 12 of the Utah Constitution to determine whether a confession was admissible,

*Crank,* 105 Utah 332, 142 P.2d 178 (1943) in his Memorandum Supporting Defendant's Motion to Suppress.[3] However, the argument that *Crank* may be read to provide broader protections in suppression hearings was not argued before the trial court, nor brought to the court's attention for consideration. We refuse to adopt such a broad rule that would preserve an issue for appeal by merely citing to a case without accompanying argument. Barring exceptional circumstances or plain error, a party must bring an issue to the attention of the trial court to properly preserve it for appeal.

### CONCLUSION

In light of the totality of the circumstances, the trial court did not err in concluding that the confession was voluntary. Therefore, the trial court did not err in refusing to suppress Miller's confession.

GREENWOOD and RUSSON, JJ., concur.

---

but the court did not address the issue of whether state constitutional protections might be broader than federal protections.