STATE of Utah, Plaintiff and Appellee,

v.

Jason Thomas GENOVESI, Defendant and Appellant.

No. 920803–CA.

Court of Appeals of Utah.

March 9, 1994.

Bradley P. Rich, Salt Lake City, for appellant.

Jan Graham, State Atty. Gen., David B. Thompson and J. Kevin Murphy, Asst. Attys. Gen., Salt Lake City, for appellee.

Before BENCH and BILLINGS, JJ., and RUSSON,[1] J. Pro Tem.

## AMENDED OPINION UPON REHEARING[2]

LEONARD H. RUSSON, Justice Pro Tem.:

Jason Thomas Genovesi appeals his conviction of manslaughter, a second degree felony, in violation of Utah Code Ann. § 76–5–205 (1990). We remand for further findings of fact and conclusions of law.

### FACTS

On the afternoon of March 20, 1992, paramedics responded to an emergency "911" call from a residence in Kearns, Utah, where Jason Genovesi, his wife Lisa, and her two minor children from a former marriage, Justin and Gavin Adams, lived. Jason Genovesi, who had been at home taking care of the children while his wife was at work, had made the call to report an injury to Gavin Adams, age two. When the paramedics arrived, they found Jason Genovesi kneeling over Gavin Adams, who appeared to have a broken neck. Resuscitation efforts were undertaken, but failed, and Gavin Adams was pronounced dead shortly after his arrival at a nearby hospital.

Soon after the paramedics had left the Genovesi residence to take the child to the hospital, Deputy Kenneth R. Patrick of the Salt Lake County Sheriff's Office arrived at the home. Following a cursory search, Deputy Patrick took some photographs of the home's interior and asked Jason Genovesi to accompany him to a local police station for questioning. After interviewing Jason Genovesi, Deputy Patrick arrested him for child abuse.

The next day, March 21, Deputy Patrick contacted Lisa Genovesi and requested permission to go into the Genovesi home in order to "take measurements and search for evidence." According to Deputy Patrick's testimony, he repeated this request three times, and each time she agreed. During

---

1. Utah Supreme Court Justice Leonard H. Russon was appointed judge pro tempore of the Utah Court of Appeals for purposes of the State's petition for rehearing in this matter inasmuch as he was the author of the previous opinion prior to his appointment to the Utah Supreme Court.

2. This amended opinion replaces the opinion in Case No. 920803–CA issued on February 11, 1994.

this search, the officers took additional photographs, particularly of a bunk bed from which, according to Jason Genovesi, Gavin Adams had fallen, causing his fatal injuries. Additionally, the officers cut out and removed a section of a plasterboard wall with a head-shaped dent in it, a hair that was affixed to the dent in the wall, and a section of carpet. At no point did the officers procure a search warrant for the home.

Three days later, Jason Genovesi was charged by information with manslaughter, a second degree felony, in violation of Utah Code Ann. § 76–5–205 (1990). He then filed a motion to suppress all evidence obtained as a result of the above searches of his home on the ground that those searches violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution and article I, section 14 of the Utah Constitution. Following a hearing at which Deputy Patrick testified to the above events, Genovesi's motion was denied. Genovesi was subsequently tried by a jury and convicted of manslaughter.

■ Genovesi appeals, arguing that: (1) the findings of fact and conclusions of law supporting the trial court's order denying his motion to suppress are insufficient to permit adequate appellate review and, therefore, require remand; (2) Lisa Genovesi's consent to search the home was invalid under the Fourth Amendment to the United States Constitution and article I, section 14 of the Utah Constitution; and (3) there were no exigent circumstances justifying warrantless entry of the Genovesi home.[3] The State responds that: (1) the trial court's order denying Jason Genovesi's motion to suppress is sufficient to allow this court to adequately review the trial court's determination that the evidence in question did not require sup-

pression; (2) both searches were valid under the Fourth Amendment to the United States Constitution and article I, section 14 of the Utah Constitution; and (3) even if the trial court erred in refusing to suppress the evidence obtained in the searches, such error was harmless.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Jason Genovesi challenges the sufficiency of the findings of fact and conclusions of law underlying the trial court's order denying his motion to suppress. "[W]hen assessing a trial court's ruling on a motion to suppress, we 'will not disturb the factual findings underlying the ruling unless they are clearly erroneous.'" *State v. James,* 858 P.2d 1012, 1015 (Utah App.1993) (quoting *State v. Mincy,* 838 P.2d 648, 652 (Utah App.1992), *cert. denied,* 843 P.2d 1042 (Utah 1992)). "Findings are clearly erroneous only when they are against the clear weight of the evidence or when the appellate court is convinced that a mistake has been made." *State v. Lovegren,* 798 P.2d 767, 770 (Utah App.1990).

■ Although we generally grant substantial deference to the trial court's findings of fact, we do so only when the findings "'disclose the steps by which the ultimate conclusion on each factual issue was reached.'" *State v. Marshall,* 791 P.2d 880, 882 n. 1 (Utah App.) (quoting *Rucker v. Dalton,* 598 P.2d 1336, 1338 (Utah 1979)), *cert. denied,* 800 P.2d 1105 (Utah 1990). Moreover, Utah Rule of Criminal Procedure 12(c) requires the trial court to specify its findings on the record when resolution of factual issues is necessary to the disposition

---

**3.** Genovesi also argues on appeal that he was denied his right to a jury representing a fair cross-section of the community because the trial court accidently eliminated from the venire persons with surnames beginning with the letters "A" through "R." Specifically, he argues that persons with surnames beginning with the letters at the end of the alphabet are more likely to suffer from a condition known as "alphabetic neurosis," a term which he fails to define in his brief. Since this issue is, on its face, without

merit, we do not address it. *See State v. Carter,* 776 P.2d 886, 888–89 (Utah 1989) (appellate court need not address every argument, issue or claim raised on appeal); *see also State v. Jones,* 783 P.2d 560, 565 (Utah App.1989) (appellate court will not engage in "unnecessary verbiage" to address meritless arguments), *aff'd,* 808 P.2d 1056 (Utah 1991); *accord State v. Gray,* 851 P.2d 1217, 1228 (Utah App.), *cert. denied,* 860 P.2d 943 (Utah 1993).

of a motion.[4] *James,* 858 P.2d at 1014–15; *Marshall,* 791 P.2d at 882. Since the issues presented in search and seizure cases are highly fact sensitive, *see, e.g., Lovegren,* 798 P.2d at 770; *Marshall,* 791 P.2d at 881, the findings of fact must be sufficiently detailed to allow this court to meaningfully review the trial court's decision. *James,* 858 P.2d at 1015; *Lovegren,* 798 P.2d at 770.

■ Likewise, the trial court's conclusions of law must also be sufficient to allow for adequate appellate review. *State v. Pharris,* 846 P.2d 454, 465 (Utah App.) (requiring trial courts to record sufficient conclusions of law on all evidence relevant to its decision in order to facilitate appellate review), *cert. denied,* 857 P.2d 948 (Utah 1993); *see also State v. Arroyo,* 796 P.2d 684, 687 (Utah 1990) (holding that case must be reversed and remanded when trial court's findings and conclusions are insufficient to support trial court's findings or court of appeals's conclusions as to consent); *Marshall,* 791 P.2d at 889–90 (reversing and remanding for a further hearing on the issue of consent); *State v. Sierra,* 754 P.2d 972, 981 (Utah App.1988) (reversing and remanding "for the trial court to make sufficient findings of fact and conclusions on the issue of consent").

Turning to the case at bar, we note that the trial court made no oral findings of fact, and its written ruling on Jason Genovesi's motion to suppress consists merely of the following findings of fact and order:

> Defendant's Motion to Suppress evidence acquired by a search of defendant's residence came on regularly for hearing the 19th day of August 1992. The court heard the testimony of Kenneth Patrick, considered the arguments of counsel, and finds that:
>
> 1. Officer Patrick believed, prior to beginning the search of defendant's residence, that he had obtained permission from defendant's wife to do so.

> 2. The law in Utah allows one spouse to consent to the search of property owned or used jointly with the other spouse.
>
> 3. Lisa Genovesi, the wife of defendant, did tell Kenneth Patrick, in a 21 March 1992 telephone conversation, that he could go to defendant's and her residence to search for and collect evidence pertinent to the death of Gavin Adams.
>
> Defendant's Motion to Suppress is therefore DENIED.

The trial court's findings and order are insufficient in numerous respects, both with regard to the search that occurred on March 20, during which photographs were taken, and the March 21 search, during which more photographs were taken and physical evidence was removed from the Genovesi home.

■ As to the March 20 search, the trial court's findings of fact are inadequate inasmuch as the court failed to even address that search in its ruling, much less make detailed factual findings concerning the search. The trial court's ruling on Genovesi's motion to suppress is further deficient as to the March 20 search because it failed to make any conclusions of law whatsoever as to whether the warrantless search was justified because of exigent circumstances or some other exception to the warrant requirements of the Fourth Amendment to the United States Constitution and article I, section 14 of the Utah Constitution. Accordingly, the trial court's ruling on Genovesi's motion to suppress requires remand for entry of findings of fact and conclusions of law as to the March 20 search.

■ As to the March 21 search, which the court did attempt to address in its findings and order, the trial court's ruling is also insufficient. The trial court's first finding, that Deputy Patrick believed he had permission to search, is irrelevant to the factual determination that Lisa Genovesi consented to the March 21 search.[5] The trial court's

---

4. Utah Rule of Criminal Procedure 12(c) provides, with our emphasis: "A motion made before trial shall be determined before trial unless the court for good cause orders that the ruling be deferred for later determination. *Where factual issues are involved in determining a motion, the court shall state its findings on the record.*"

5. This finding is likely also irrelevant to any conclusion regarding the voluntariness of Lisa Genovesi's consent. While it is true that whether consent is voluntary depends on the totality of the circumstances, including the characteristics of the one from whom consent is being sought and the details of the police conduct, *Arroyo,* 796

second "finding of fact," that one's spouse may consent to the search of jointly owned property, is actually a conclusion of law and does not belong in the findings. Thus, the only proper finding of fact in the trial court's ruling is its third finding, which states that Lisa Genovesi gave Deputy Patrick permission "to search for and collect evidence pertinent to the death of Gavin Adams." [6]

However, even though the trial court properly found that Lisa Genovesi consented to the March 22 search, it failed to make any conclusions of law regarding the voluntariness of that consent. In cases involving the voluntariness of consent, both the Utah Supreme Court and this court have emphasized the need for sufficient conclusions of law. *See, e.g., Arroyo,* 796 P.2d at 687; *Marshall,* 791 P.2d at 889–90; *Sierra,* 754 P.2d at 981. Thus, the lack of any conclusions of law whatsoever on the voluntariness of Lisa Genovesi's consent also requires remand.

In *State v. Thurman,* 846 P.2d 1256 (Utah 1993), the Utah Supreme Court announced that the trial court's ultimate determination whether consent was voluntary or involuntary is a conclusion of law to be reviewed for correctness. *Id.* at 1271. In determining whether the requisite voluntariness exists, the trial court must examine " 'the totality of all the surrounding circumstances—both the characteristics of the accused and the details of' police conduct." *Arroyo,* 796 P.2d at 689 (quoting *Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973)); *accord Thurman,* 846 P.2d at 1262–63. Moreover, "[t]he prosecution bears the burden of proving that the defendant's consent was voluntary." *Thurman,* 846 P.2d at 1263.

Furthermore, the supreme court has enumerated certain factors to be considered in evaluating the totality of the circumstances surrounding consent, which include: "(1) the absence of a claim of authority to search by the officers; (2) the absence of an exhibition of force by the officers; (3) a mere request to search; (4) cooperation by the owner of the [residence]; and (5) the absence of deception or trick on the part of the officer." *State v. Whittenback,* 621 P.2d 103, 106 (Utah 1980).

Additionally, this court has recently stated:

> In order for consent to be voluntary, (1) there must be clear and positive testimony that the consent was unequivocal, specific, and freely and intelligently given; (2) the government must prove consent was given without duress or coercion, express or implied; and (3) the courts must indulge every reasonable presumption against the waiver of fundamental constitutional rights and there must be convincing evidence that such rights were waived.

*State v. Harmon,* 854 P.2d 1037, 1040 (Utah App.1993). Accordingly, on remand, the court should consider the above factors and make proper findings of fact and conclusions of law as to the voluntariness of Lisa Genovesi's consent.

As a final matter, we address Jason Genovesi's argument that the trial court failed to address his independent state constitutional analysis, which was properly raised and argued before that court, or to explain why it did not address that argument. At the hearing on his motion to suppress, Genovesi argued that not only was Lisa Genovesi's consent involuntary under the Fourth Amendment to the United States Constitution, but it was also invalid under article I, section 14 of the Utah Constitution. However, the trial court made no mention of this independent state constitutional analysis in its ruling on Genovesi's motion to suppress. Accordingly, since this matter must be remanded due to

P.2d at 689, the State has not cited us to, and we have been unable to find, any cases holding that the police officer's mental state is a factor in this analysis.

**6.** Jason Genovesi asserts on appeal that the trial court's third finding is unsupported by the evidence, insofar as Deputy Patrick asked for permission to take measurements and *search* for evidence, not to remove any evidence. However, since the scope of one's consent under the

Fourth Amendment to the United States Constitution is determined by what a reasonable person would understand the exchange between the officer and the one from whom consent is sought to mean, *State v. Castner,* 825 P.2d 699, 705 (Utah App.1992), it would be absurd to hold that an officer who finds evidence as the result of an otherwise constitutional search cannot remove that evidence merely because he asked to *search* for it, not to *take* it.

the insufficient findings of fact and conclusions of law underlying the trial court's order denying Genovesi's motion to suppress, the trial court is further instructed to address this matter on remand.[7]

Because we conclude that the trial court's order denying Genovesi's motion to suppress was insufficient, we do not reach the other issues raised by the parties.

## CONCLUSION

The trial court's findings of fact and order denying Jason Genovesi's motion to suppress are insufficient to allow adequate appellate review. Accordingly, we remand this matter to the trial court to: (1) make findings of fact and conclusions of law regarding the March 20 search; (2) make additional findings of fact and conclusions of law concerning the March 21 search; and (3) address Genovesi's independent state constitutional analysis, or give its reasons for not addressing the same.

BILLINGS, J., concurs.

BENCH, Judge (dissenting):

I respectfully dissent. This case should not be remanded for findings and conclusions (as to the validity of the search of the home) unless we can definitively hold that the evidence obtained therefrom was prejudicial to the defendant.

The State urges us to assume, for the sake of argument, "that both searches of Genovesi's home were improper, and that all evidence obtained during those searches should have been suppressed." The State contends that any error in denying the motion to suppress was harmless because other independent evidence overwhelmingly established defendant's guilt. Based on this argument, it would not matter what the trial court may find or conclude about the search of the home. *See, e.g., State v. Scandrett,* 24 Utah 2d 202, 468 P.2d 639 (1970) (affirming conviction for second-degree murder where guilt was shown by untainted evidence so overwhelming that there was no likelihood of different result).

7. The matter of the photographs also merits comment. A good deal of confusion has arisen concerning which photographs were taken during

I dissent because the main opinion fails to address a potentially dispositive issue.

which search. The parties would be well advised to resolve this difficulty on remand in order to clarify this matter for the trial court.