NEVADA TAX COMMISSION, COMPOSED OF: CHARLES H. RUSSELL, CHAIRMAN, ROBERT A. ALLEN, EDWARD ARNOLD SETTELMEYER, NORMAN D. BROWN, MARSHALL WILLIAM DEUTSCH, HORACE GORDON LATHROP, AND W. S. LARSH, AND THE NEVADA GAMING CONTROL BOARD, COMPOSED OF: ROBBINS E. CAHILL, WILLIAM V. SINNOTT, AND WILLIAM G. GALLAGHER, APPELLANTS, v. BRENT MACKIE AND KENNETH K. HENTON, DBA THE NEW STAR HOTEL AND CASINO, RESPONDENTS.

Nos. 4139 and 4157

January 6, 1959                    333 P.2d 985

See also 74 Nev. 273, 330 P.2d 496.

*Frank R. Petersen,* of Reno, for Nevada Tax Commission, and Nevada Gaming Control Board.

*Thomas A. Foley,* of Las Vegas; and *Richard G. Campbell,* of Winnemucca, for Brent Mackie and Kenneth K. Henton, dba The New Star Hotel and Casino.

# OPINION

By the Court, MERRILL, C. J.:

This matter is before this court on review of action taken by the Nevada tax commission. The commission revoked the gambling licenses theretofore issued by the state to respondents as partners in the operation of a gambling enterprise. Judgment of the court below, on review, modified that order and the commission has appealed from that judgment.

The principal question involved is whether the district court on review has authority to modify the commission's order by substituting a limited suspension of license for the outright revocation ordered by the commission.

On May 22, 1958 the respondents were cited to appear before the Nevada gambling control board and show cause why their license should not be revoked upon the grounds that they were operating a cheating game and conducting their business in an unsuitable manner. Hearing was had before the control board on June 10, 12, 16 and 17, 1958. On July 23, 1958 the board formally recommended to the commission the revocation of respondents' licenses. Hearing before the commission on this recommendation was had that day and on July 26, 1958 the commission entered its order of revocation supported by its findings of fact and conclusions of law.

On July 28, 1958 respondents filed a petition for review with the court below. Hearing before the district court was had on this petition on August 8 and 9, 1958, and on the latter date judgment was rendered modifying the revocation order in three respects: substituting a 60-day suspension for revocation of the license as to twenty-one games, substituting a 30-day suspension for revocation of the license as to crap games, reversing the revocation as to slot machines.

The appeal of the commission is taken from this judgment. The commission contends that the reviewing court is without authority to modify the commission's order in this manner. We have concluded that the position of the commission has merit and that the judgment below must be reversed.

NRS 463.140, dealing with the powers and duties of the tax commission, provides in part, "The Nevada tax commission shall have full and absolute power and authority * * * to limit, restrict, revoke or suspend any license for any cause deemed reasonable by the commission." The same language is to be found in NRS 463.310(4) dealing with suspension or revocation of licenses.

In Nevada Tax Commission v. Hicks, 73 Nev. 115, 310 P.2d 852, this court carefully delineated the area within which the courts may act in judicial review of commission action. From that opinion it follows that it is not the province of the courts to decide what shall be reasonable cause for revocation of license; that such determination is an administrative one to be made by the commission in the exercise of its judgment based upon its specialized experience and knowledge. Whether reasonable cause for revocation, as the commission may have defined it, exists in the particular case, is the question which the courts may review.

The commission has determined that the operation of a cheating game is a reasonable cause for revocation of license. That determination is not subject to judicial

review in the absence of a showing that the determination was arbitrary or capricious or for some other reason was beyond the administrative authority of the commission. Nevada Tax Commission v. Hicks, supra.

The court below made no express determination upon the question whether the record supported the finding of the commission that a cheating game had been operated by the respondents. However, since its judgment provided for suspension of license as to two games, such a determination appears by necessary implication.

Such being the case, the modification of the commission's order in this case amounted to administrative rather than judicial action and was beyond the authority of a reviewing court.

Respondents contend that court authority to modify a commission order is expressly granted by statute. NRS 463.310(6) provides, "Any such limitation, revocation or suspension so made shall be and remain effective until reversed or modified by a court of competent jurisdiction upon review."

Reading this language in the context of the remainder of the section, the provision for reversal or modification by a court of competent jurisdiction must be held to apply to such reversal or modification as may be exercised by the court in a judicial capacity. It cannot reasonably be held to confer administrative powers upon the court.

Upon the appeal of the tax commission, the judgment must be reversed.

Respondents have taken a cross-appeal from the judgment of the court below, contending that there is no substantial evidence to support a determination that they had operated a cheating game.

There was direct and positive testimony by eye witnesses that they had observed cheating in the twenty-one

games operated by respondents. The witnesses qualified themselves as persons of knowledge and experience in matters of gambling and in methods of cheating at cards. This testimony, if credible, constituted substantial evidence in support of the commission's findings. The problem, then, is not one of substance but one of credibility.

Respondents contend that this testimony was rendered incredible by cross examination. They point to many instances of inconsistencies and improbabilities. There is no need to detail these matters. Upon the precise points involved they may well have affected the weight of the testimony. They cannot, however, be said to have destroyed the probative value of the evidence of cheating or to have rendered it incredible as a matter of law. These matters, then, posed questions of weight and credibility which it was the function of the control board and the tax commission to resolve in their capacities as finders of the facts. It can hardly be questioned that their specialized knowledge and experience are of peculiar value in the performance of these functions upon factual issues such as are here involved.

Their decision to believe the testimony that cheating was observed is a determination with which we shall not interfere upon review.

Respondents contend that even though this testimony be accepted it only establishes that certain employees were guilty of cheating. There is no evidence whatsoever, they assert, that they themselves knew of such cheating and permitted it or that they themselves were guilty of such practices.

Such lack of proof might well serve to protect respondents against any criminal charge of cheating. It cannot, however, affect our decision. The tax commission in effect has made the determination that the fact that cheating occurred upon respondents' premises constitutes reasonable cause for revocation of license. They have thus imposed the duty upon licensees to see that cheating does not occur. This determination, as we have

already noted, is an administrative one with which we shall not interfere in the absence of any showing that it was arbitrary or capricious.

Finally respondents upon their cross-appeal contend that no adequate notice was given them of the hearing before the commission upon the recommendations of the control board. They were advised, well in advance, of the fact that a hearing would be had. It was not until a few moments before the hearing commenced, however, that a copy of the board's recommendations was given to them.

It must be conceded that such notice can hardly be regarded as adequate. However, an examination of the record in this matter and of the transcript of proceedings before the tax commission demonstrates conclusively that the respondents were not prejudiced by any insufficiency of notice. Their attacks upon the testimony received by the control board were as effectively made before the commission as they have subsequently been made before the courts. Furthermore, no request for a continuance was made by respondents and they voluntarily proceeded with the hearing before the tax commission regardless of any insufficiency of the notice.

We conclude that there is no merit in the cross-appeal of these respondents and that such cross-appeal cannot affect the decision of this court upon the tax commission's appeal.

Reversed and remanded with instructions that the order of revocation of license issued by the Nevada tax commission be reinstated and affirmed.

BADT, J., concurs.

(NOTE: McNAMEE, J., having become a member of the court after argument and submission of the case, did not participate in the foregoing opinion.)