364 P.2d 1091

**Oscar HACKFORD, Plaintiff,**

v.

**INDUSTRIAL COMMISSION of Utah,
Defendant.**

**No. 9460.**

Supreme Court of Utah.

Sept. 28, 1961.

D. H. Oliver, Salt Lake City, for plaintiff.

Walter L. Budge, Atty. Gen., Gordon A. Madsen, Asst. Atty. Gen., for defendant.

CROCKETT, Justice.

This case again comes to us on original proceedings against the Industrial Commission relating to plaintiff Oscar Hackford's application for compensation for injuries suffered from being run over by a wagon used in connection with herding sheep for Deseret Livestock Company. See prior opinion in Hackford v. Industrial Commission, 1961, 11 Utah 2d 312, 358 P.2d 899.

At the hearing the plaintiff's evidence tended to support his claim of permanent and total disability. In opposition thereto the report of a panel of three orthopedic surgeons (appointed pursuant to Section 35–1–31, U.C.A.1953) and a separate report of another orthopedist, Dr. A. M. Okelberry, were received in evidence. The doctors of the panel were present at the hearing but were not called upon to testify. These reports indicated that the plaintiff's injury had resulted in permanent partial disability of 15%. The Commission accepted these medical reports as true and rendered its decision accordingly. On the former appeal this court ruled that since they had not been sustained by oral testimony as required by Section 35–1–77, U.C.A.1953 when there is objection thereto, and there was no substantial evidence to support these hearsay reports, the Commission's order should be set aside, which was done on January 26, 1961.

No action having been taken after remand, on March 4, 1961, the plaintiff filed with the Commission a "Motion for Award" requesting an award " * * * upon the competent evidence on file herein as determined by the Supreme Court in this matter." Nothing was done in response thereto, and thereafter on March 16, 1961, the plaintiff filed a second "Motion for Award" again requesting the Commission to "make findings of fact and conclusions of law and enter its decision thereon * * *." The Commission continued to neglect to take any action, apparently believing that its duty was to grant or to deny plaintiff's motions. It denied them and he brought this proceeding.

The measures taken by the plaintiff to get the Commission to act "upon the competent evidence" in the record, which would exclude the evidence of the medical experts and thus leave only his own evidence to consider, appear to have been calculated to compel an award of 100% disability, which he contends his evidence will support. He also urges that the employer is not entitled to a new hearing because of its failure to make a demand for one; and further, that even if such a hearing were held, it would now be prevented by laches from introducing any new evidence because the necessary witnesses were present at the former hearing and could have testified had the company so chosen.

With the above contentions we disagree. The fact that the order was vacated and the cause remanded because of the deficiency in evidence did not require the Commission to make an award of 100% disability based solely on the plaintiff's evidence.[1] The trial of disputes, whether be-

1. Cf. statement in McGarry v. Industrial Commission, 1925, 64 Utah 592, 232 P. 1090, 39 A.L.R. 306.

fore courts or administrative tribunals, is not a game of tricks, but is a proceeding purposed to find the truth on contested issues of fact and to correctly apply the law thereto. It is both the privilege and the duty of the Commission to have before it all of the competent evidence having a material bearing on the issues necessary to consider in making the award. And that is what the parties are entitled to, nothing more nor less.

Upon remand it was the prerogative of the Commission either to make a determination upon the evidence in the light of the decision of this court, or if it deemed the interests of justice to so require, to order and hold a supplemental hearing to allow the parties to present additional evidence. On the other hand, it must be conceded that it was the responsibility of the Commission to proceed to make some disposition of plaintiff's application for an award,[2] and we are somewhat at a loss to understand why it did not do so, regardless of the motions interposed by the plaintiff.

■ As to the question of laches: it is sufficient to call attention to the facts under which the claimed laches occurred and to the principle that "laches in legal significance is not mere delay, but delay that works a disadvantage to another," [3] which we do not see as existing here.

2. Ibid.

Remanded with directions to take further proceedings not inconsistent with this opinion. No costs awarded.

WADE, C. J., and McDONOUGH and CALLISTER, Jr., JJ., concur.

HENRIOD, J., concurs in the result.

3. Mawhinney v. Jensen, 1951, 120 Utah 142, 232 P.2d 769, 773.