**CHAMPION HOME BUILDERS and Aetna Casualty and Surety, Plaintiffs,**

v.

**The INDUSTRIAL COMMISSION OF UTAH and John S. Skrlac, Defendants.**

No. 20332.

Supreme Court of Utah.

July 18, 1985.

Christopher A. Tolboe, Salt Lake City, for appellant.

K. Allan Zabel, Salt Lake City, Pete N. Vlahos, Ogden, for respondent.

STEWART, Justice:

John Skrlac was awarded medical expenses and temporary total disability for perforation of his duodenum resulting from heavy lifting at work. His employer, Champion Home Builders, appeals. We affirm.

Skrlac built rafters and ceilings for Champion Home Builders on an assembly line. On August 4, 1983, while lifting a heavy beam, Skrlac felt a sharp pain in his side. A medical examination by a Dr. Hillam following the pain showed that claimant had a perforated duodenal ulcer and

that an operation on claimant's duodenum was required.

Skrlac applied for worker's compensation benefits. At the hearing, a letter from Dr. Hillam was introduced which stated that although Dr. Hillam knew of no medical data which cites lifting as a cause of ulcer perforation, he was aware that lifting causes an increase in stomach pressure, and that ulcers perforate more often when there is an increase in stomach pressure. In a follow-up letter, Dr. Hillam concluded that "[i]t is certainly conceivable that had [Skrlac] not been lifting, the ulcer may not have perforated at all." No other expert medical testimony or evidence was adduced and the matter was not referred to a medical panel.

The administrative law judge found that Skrlac's lifting was a cause of the ulcer perforation. He analogized this case to hernia and heart attack cases in which the exertion is not the sole cause of the hernia or heart attack, but is a "precipitating factor," without which the hernia or heart attack may never have occurred. Champion Home Builders filed a motion for review, which the Industrial Commission denied.

On appeal, Champion Home Builders argues that the evidence failed to establish a causal connection between the lifting and the perforation. It relies on Dr. Hillam's statement in his letter that he knew of no medical data which cites lifting as a cause of ulcer perforation.

■ In reviewing Industrial Commission findings of fact, we determine only whether the Commission's findings are supported by substantial evidence. *Kennecott Corp. v. Industrial Commission*, Utah, 675 P.2d 1187, 1192 (1983); *Kent v. Industrial Commission*, 89 Utah 381, 385, 57 P.2d 724, 725 (1936).

The governing statute is U.C.A., 1953, § 35–1–45, which provides for compensation or death benefits if an employee is injured or killed "by accident arising out of or in the course of his employment." Under that section, the claimant must prove that the work-related event was a contributing cause of the injury. *Higgins v. Industrial Commission*, Utah, 700 P.2d 704 (1985); *Schmidt v. Industrial Commission*, Utah, 617 P.2d 693, 695 (1980); *Maher v. Workers' Compensation Appeals Board*, 33 Cal.3d 729, 190 Cal.Rptr. 904, 661 P.2d 1058, 1063 (1983).

■ In this case, Dr. Hillam's evidence and the occurrence of abdominal pain at the moment of lifting constitute substantial evidence sufficient to support the Commission's finding that there was a causal connection between Skrlac's lifting and the ulcer perforation.

Other jurisdictions have also sustained awards for perforated ulcers on evidence that the ulcer perforated or ruptured during heavy lifting or straining. *E.g., Truelove v. Hulette*, 103 Ga.App. 641, 120 S.E.2d 342 (1961); *Cutno v. Neeb Kearney & Co.*, 237 La. 828, 112 So.2d 628 (1959); *Jennings v. Simon Manges & Sons, Inc.*, 284 A.D. 1071, 136 N.Y.S.2d 15 (1954). *See also* cases cited at 1B A. Larsen, *Workmen's Compensation Law* § 38.20 n. 43 (1982).

■ Champion Home Builders argues that no "accident" occurred in this case within the scope of § 35–1–45 because Skrlac's ulcer could have perforated as easily at home as at work, and cites as its sole support *Billings Computer Corp. v. Tarango*, Utah, 674 P.2d 104 (1983). In *Billings* we vacated an award of benefits because the claimant failed to establish that an "accident" had occurred when she kneeled at work and felt a sharp pain in her knee. We reasoned: "The fact that [claimant's] injury occurred while at work was mere coincidence ..:.. [T]he circumstances which precipitated her injury were in no way unusual ...." *Id.* at 106–107. However, in this case the circumstances were clearly unusual: Skrlac was lifting a very heavy double beam which ordinarily required two people to lift. That the ulcer perforated while claimant was lifting the beam was not a mere coincidence.

■ Finally, Champion Home Builders argues that the administrative law judge abused his discretion by not referring this case to a medical panel. Utah Code Ann., 1953, § 35–1–77 (Supp.1983), provides that where the employer or insurance carrier denies liability, "the commission *may* refer the medical aspects of the case to a medical panel appointed by the commission ...." (Emphasis added.) In some cases, such as where the evidence of causal connection between the work-related event and the injury is uncertain or highly technical, failure to refer the case to a medical panel may be an abuse of discretion. However, on the facts of this case, we think there was no abuse of discretion.

Affirmed.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

ZIMMERMAN, J., concurs in the result.