**Randy R. KRANTZ, Petitioner,**

v.

**UTAH DEPARTMENT OF COMMERCE, Division of Real Estate, and Utah Real Estate Commission, Respondents.**

No. 920487–CA.

Court of Appeals of Utah.

June 22, 1993.

Thomas F. Rogan, Salt Lake City, for petitioner.

Jan Graham and Robert E. Steed, Salt Lake City, for respondents.

Before BENCH, BILLINGS and RUSSON, JJ.

### AMENDED OPINION [1]

BILLINGS, Presiding Judge:

Petitioner Randy R. Krantz appeals a ruling of the Executive Director of the Utah Department of Commerce upholding an order of the Real Estate Commission revoking his real estate license. We reverse and remand.

---

**1.** Pursuant to a petition for rehearing granted June 9, 1993, this opinion replaces the opinion in Case No. 920487–CA, issued May 3, 1993.

## FACTS

Because our resolution of this case is based on a procedural flaw, we summarize the factual background. Petitioner is the principal broker for Copper State Realty. He is also president of Copper State Construction (CSC). This appeal arises from incidents involving two couples, the Stones and the Gasters, who entered into real estate transactions involving both of Petitioner's companies. In both cases, CSC offered to buy the couple's residence and build them a new custom home. In each instance, the couple had the option of finding another buyer while their new home was under construction.

The couples complained to the Division of Real Estate that Petitioner failed to complete the bargains he had arranged. Following a hearing, an administrative law judge (ALJ) recommended Petitioner's license to practice as a real estate principal broker be revoked. The Real Estate Commission and the Director of the Division of Real Estate adopted the ALJ's findings, conclusions, and recommendation of revocation. Petitioner appealed to the Executive Director of the Department of Commerce. The Executive Director expressly adopted the findings of the Commission and upheld the Commission's Order. Petitioner filed this appeal from the Executive Director's ruling.

Petitioner raises numerous claims for relief under Utah Code Ann. § 63–46b–16 (1989). Petitioner claims he was substantially prejudiced by: (1) the Executive Director's determination Petitioner made a false promise to the Stones that CSC would assume a loan on the condominium they were attempting to sell; (2) the Executive Director's determination Petitioner made a substantial misrepresentation by failing to tell the Gasters that the new home they purchased was subject to mechanics' liens; (3) the Executive Director's determination Petitioner breached a fiduciary duty to the Gasters when, while acting as their agent, he represented that CSC would make the necessary payments on a trust deed on the home the Gasters were selling; (4) the Executive Director's determination Petition-er's use of an unapproved form for the Stones' earnest money agreement was a violation of Utah Code Ann. § 61–2–20 and thus a violation of Utah Code Ann. § 61–2–11(15), (5) the Executive Director's determination Petitioner was unworthy or incompetent to act as a broker due to his failure to pay the trust deed on the Gasters' home while he was under a duty to act in their best interest.

Petitioner also raises claims for relief based on a number of procedural defects. These include: (1) the lapse of ten months between the administrative hearing and the ALJ's ruling, (2) lack of notice of the right to reconsideration, (3) a semantic difference between the ALJ's recommended Order and the Real Estate Commission's Order, (4) shortcomings in the agency's prior practices, and (5) lack of comprehensive regulatory guidelines. Because we find Petitioner was not notified of his right to reconsideration at the agency level, we do not reach Petitioner's other claims. Instead, we remand for proceedings to cure this procedural defect.

## NOTICE OF RIGHT TO RECONSIDERATION

Petitioner argues the Real Estate Commission was obligated to notify him of his right to apply for reconsideration under the Utah Administrative Procedures Act (UAPA). *See* Utah Code Ann. § 63–46b–10(1) (1989). We review a petitioner's claim of a procedural defect in a UAPA proceeding under Utah Code Ann. § 63–46b–16(4)(e) (1989). That section provides we can grant relief if an individual has been "substantially prejudiced" by the agency's failure "to follow prescribed procedure." *Id.* We review questions under this section for correction of error and grant no deference to the agency's conclusion of the appropriate procedure. *See SEMECO Indus., Inc. v. Auditing Div.*, 849 P.2d 1167 (Utah 1993) (Durham, J., dissenting). *See also King v. Industrial Comm'n*, 850 P.2d 1281 (Utah App.1993) (recognizing differ-

ing standards of review under various subsections of section 63–46b–16(4)).[2]

■ Petitioner has a statutory right to apply for reconsideration under Utah Code Ann. § 61–2–12 (Supp.1992). That section provides:

> If the hearing is delegated by the commission to an administrative law judge, and a ruling has been issued by the commission and the director, the licensee or certificate holder may request reconsideration by the commission by filing a written request stating specific grounds upon which relief is requested.

*Id.* § 61–2–12(1)(b). In addition, section 61–2–12 expressly requires the Real Estate Commission to comply with UAPA. *Id.* § 61–2–12(3). Following a formal adjudicative proceeding under UAPA

> the presiding officer shall sign and issue an order that includes:
>
> (a) a statement of the presiding officer's findings of fact based exclusively on the evidence of record in the adjudicative proceedings or on facts officially noted;
>
> (b) a statement of the presiding officer's conclusions of law;
>
> (c) a statement of the reasons for the presiding officer's decision;
>
> (d) a statement of any relief ordered by the agency;
>
> *(e) a notice of the right to apply for reconsideration;*
>
> (f) a notice of any right to administrative or judicial review of the order available to aggrieved parties; and
>
> (g) the time limits applicable to any reconsideration or review.

Utah Code Ann. § 63–46b–10(1) (1989) (emphasis added). This section of UAPA requires a petitioner receive notice where a right to apply for reconsideration exists. Hence, UAPA section 63–46b–10(1)(e) requires the Real Estate Commission's Order confirming and adopting the ALJ's findings and conclusions contain a notice to Petitioner of the right to apply for reconsideration conferred by section 61–2–12(1)(b).

The Real Estate Commission does not dispute it failed to notify Petitioner of his right to apply for reconsideration. We cannot know whether petitioner would be granted reconsideration. Nor can we know the outcome of any such a grant of reconsideration. Therefore, we presume substantial prejudice. Hence, we conclude Petitioner was substantially prejudiced by the Real Estate Commission's failure to notify him of his right to apply for reconsideration under section 61–2–12(1)(b). Thus, we remand this matter to the Executive Director of the Department of Commerce. We instruct the Executive Director to direct the Real Estate Commission to issue an order that conforms to the requirements of Utah Code Ann. § 63–46b–10 (1989). This will allow Petitioner the opportunity to exercise his statutory right to apply to the Commission for reconsideration of the Order affirming the ALJ's rulings on the merits.

BENCH and RUSSON, JJ., concur.

---

2. *See also State ex rel. Department of Community Affairs v. Utah Merit System Council,* 614 P.2d 1259, 1263 (Utah 1980) (holding procedural rules "cannot be ignored or followed by the agency to suit its own purposes").