2005 UT App 308

**Enrique MARTINEZ, Petitioner,**

v.

**MEDIA–PAYMASTER PLUS (self-insured, The Church of Jesus Christ of Latter-day Saints); and Labor Commission, Respondents.**

**No. 20040590–CA.**

Court of Appeals of Utah.

June 30, 2005.

---

Richard R. Burke, King Burke & Schapp PC, Salt Lake City, for Petitioner.

Stuart F. Weed, Christian S. Collins, Kirton & McConkie, and Alan Hennebold, Labor Commission, Salt Lake City, for Respondents.

Before Judges BILLINGS, GREENWOOD, and JACKSON.

## OPINION

JACKSON, Judge:

¶ 1 Enrique Martinez appeals from the Labor Commission's order, denying his claim for permanent total disability benefits. We reverse and remand.

## BACKGROUND

¶ 2 Martinez injured his back and arm while working for Media–Paymaster Plus, and as a result, his mobility and hand functions are impaired. Nevertheless, the Commission concluded that Martinez could perform the "essential functions" of a fast food worker and that other work was "reasonably available" for him. *See* Utah Code Ann. § 34A–2–413(1)(c)(iii), (iv) (2001). Martinez appeals.

## STANDARD OF REVIEW

■ ¶ 3 The parties dispute the appropriate standard of review. Martinez argues that this is a general question of law, which we should review for correctness because the Commission failed to consider undisputed, material evidence. *See LaSal Oil Co. v. Department of Envtl. Quality*, 843 P.2d 1045, 1047 (Utah Ct.App.1992) ("An administrative agency must make findings of fact and conclusions of law that are adequately detailed so as to permit meaningful appellate review."). Media–Paymaster Plus argues that Martinez is challenging the Commission's findings of fact, and thus Martinez's brief should be stricken for failure to marshal the evidence. *See Whitear v. Labor Comm'n*, 973 P.2d 982, 984 (Utah Ct.App. 1998) (refusing to consider petitioner's challenge to findings of fact because petitioner failed to marshal evidence supporting findings). We address only the legal arguments and do so for correctness. *See LaSal Oil Co.*, 843 P.2d at 1047.

## ANALYSIS

### A. Burden of Proof

■ ¶ 4 Our initial concern is the extent to which the agency placed the burden of proof upon Martinez. This presents an issue of first impression under the Worker's Compensation Act (the Act). The Act states:

(b) To establish entitlement to permanent total disability compensation, the employee has the burden of proof to show by a preponderance of the evidence that:

(i) the employee sustained a significant impairment . . . ; and

(ii) the employee is permanently totally disabled; and

(iii) the industrial accident . . . was the direct cause of the employee's permanent total disability.

(c) To find an employee permanently totally disabled, the commission shall conclude that:

(i) the employee is not gainfully employed;

(ii) the employee has an impairment or combination of impairments that limit the employee's ability to do basic work activities;

(iii) the . . . impairments prevent the employee from performing the essential functions of the work activities for which the employee has been qualified until the time of the industrial accident . . .

(iv) the employee cannot perform other work reasonably available, taking into consideration the employee's age, education, past work experience, medical capacity, and residual functional capacity.

Utah Code Ann. § 34A–2–413(1)(b), (c). The Commission acknowledged that Martinez suffered accidental work-related injuries while working for Media–Paymaster Plus. However, the Commission stated that this only showed that Martinez had met the "general standard of eligibility for benefits." The Commission assigned Martinez the burden of proving not only the three factors listed under subsection (1)(b) but also the four factors listed under subsection (1)(c), stating that Martinez had to "also satisfy each of the elements" of section 34A–2–413(1).

¶ 5 The applicable portion of the Act says only that "[t]o find an employee permanently totally disabled, the *commission shall conclude* . . . ." Utah Code Ann. § 34A–2–413(1)(c) (emphasis added). The legislature did not explicitly give the agency discretion to allocate the burden of proof. *See id.* § 63–46b–16(4)(d) (1997). Moreover, the agency does not have implied discretion when, as here, "the court is in as good a position as the agency to interpret the general statutory provision in question." *Niederhauser Ornamental & Metal Works Co., Inc. v. Tax Comm'n,* 858 P.2d 1034, 1036 (Utah Ct.App.1993). We review this decision under a correction-of-error standard with traditional methods of statutory interpretation. *See* Utah Code Ann. § 63–46b–16(4)(d); *Nucor Corp. v. State Tax Comm'n,* 832 P.2d 1294, 1296 (Utah 1992) (stating that we review agency decisions interpreting and applying agency-specific law in cases in which the agency has not been granted discretion for correctness).

¶ 6 Ordinarily, we look to the plain meaning of the statute for its interpretation. In this case, though, the plain language of the Act gives no indication of which party has the burden of proof on the four factors listed in subsection (1)(c). *See* Utah Code Ann. § 34A–2–413(1)(c). But, the Act does explicitly state the employee has the burden of proof on the subsection (1)(b) factors. *See id.* § 34A–2–413(1)(b). Thus, the Act is ambiguous as to which party has the burden of proof under subsection (1)(c). Accordingly, to determine which party has the burden of proof under subsection (1)(c), we examine three considerations—the Act's punctuation, the difference in the statutory language between subsection (1)(b) and subsection (1)(c), and public policy.

¶ 7 First, we note that "courts should not 'arbitrarily ignore punctuation, but [should] give it due consideration and effect' where it may be used as an aid to ascertain the legislature's purpose." *State v. Tooele County,* 2002 UT 8,¶ 13, 44 P.3d 680 (quoting *Board of Educ. v. Hanchett,* 50 Utah 289, 167 P. 686, 687 (1917)). Subsection (1)(b) is a complete sentence ending with a period. *See* Utah Code Ann. § 34A–2–413(1)(b) (2001).

Thus, subsection (1)(b)'s assignment of the burden of proof does not apply to subsection (1)(c).

¶ 8 Second, we consider that subsection (1)(b) explicitly assigns the employee the burden of proof on three issues, whereas subsection (1)(c) does not. *See id.* § 34A–2–413(1)(b), (c). "[S]tatutory construction presumes that the expression of one should be interpreted as the exclusion of another." *Biddle v. Washington Terrace City,* 1999 UT 110,¶ 14, 993 P.2d 875. "[O]missions in the statutory language should 'be taken note of and given effect.'" *Id.* (citation omitted). Because subsection (1)(b) is so clear and explicit on what the employee has the burden of proving, subsection (1)(c) should be construed as listing the factors on which the employee *does not* have the burden of proof.

¶ 9 Third, public policy urges that the employee should not have the burden of proof on the subsection (1)(c) factors. Because "there is ambiguity [in the Act,] we look beyond the plain language to . . . policy considerations." *Vigos v. Mountainland Builders, Inc.,* 2000 UT 2,¶ 13, 993 P.2d 207. In interpreting a statute in the context of workers' compensation, we must construe the statute "liberally in favor of finding employee coverage." *Id.* The Act requires the employee to prove that she has been injured, that she is permanently totally disabled, and that the workplace accident was the direct cause of the disability. *See* Utah Code Ann. § 34A–2–413(1)(b). If the employee proves these things, she has made a prima facie case for permanent total disability and is presumed by the court to be entitled to permanent total disability compensation. Then, the Act provides the employer the opportunity to rebut the presumption with the factors listed in section 34A–2–413(1)(c). Thus, if the employee has made her prima facie case, the employer can rebut the presumption of a permanent total disability award by showing (i) that the employee is "gainfully employed," (ii) that the impairment does not "limit the employee's ability to do basic work activities," (iii) that the industrial-accident-caused impairments do not "prevent the employee from performing the essential functions" of

the employee's previous work, or (iv) that the employee can "perform other work reasonably available." [1] *Id.* § 34A–2–413(1)(c). In effect, these factors are affirmative defenses limiting recovery. Accordingly, we conclude that the Commission erred in assigning Martinez the burden of proof for the four Utah Code section 34A–2–413(1)(c) factors.

### B. Commission's Conclusions

■ ¶ 10 We now address the Commission's conclusions that Martinez could perform the "essential functions" of a fast food worker and that other work was "reasonably available" for him. *Id.* § 34A–2–413(1)(c)(iii), (iv). Because the Act grants the Commission implied discretion to apply the facts to the Act, we consider whether the Commission abused its discretion. *See Sierra Club v. Utah Solid Hazardous Waste Control Bd.,* 964 P.2d 335, 344 (Utah Ct.App.1998) (stating that "[a]gency discretion may be ... implied and, if granted, results in review of the agency action for an abuse of discretion.").

■ ¶ 11 Martinez first argues that the Commission erred in its conclusion that he could perform the "essential functions" of a fast food worker. Utah Code Ann. § 34A–2–413(1)(c)(iii). We do not review the Commission's factual findings, but only consider whether the Commission abused its discretion in applying the facts that it found to the law.

¶ 12 The Commission accepted Martinez's testimony that his fast food work duties included preparing food, mopping, sweeping, taking out trash, kneeling, stooping, and bending. The Commission also explicitly accepted Dr. McGlothin's evaluation, which concluded that Martinez could lift up to thirty-five pounds and could repetitively lift or push up to twenty pounds, but would have to change from sitting to standing every thirty to sixty minutes.

■ ¶ 13 However, the Commission simply ignored the impact of the sitting and standing limitation and summarily concluded that Martinez's impairments did not prevent him from performing the essential functions

of a fast food worker. Considering this limitation, while Martinez may have been physically able to perform all of the functions of the job, he could only do so for a brief period of time. The Commission ignored a significant portion of an evaluation that it explicitly accepted. Thus, the Commission abused its discretion in ignoring the sitting and standing limitation and concluding that Martinez could perform the essential functions of the work.

■ ¶ 14 Martinez also argues that the Commission erred in its conclusion that work was "reasonably available" because it did not consider the only testimony on point. *See id.* § 34A–2–413(1)(c)(iv) (2001). The Commission stated that

> Media has presented persuasive evidence that many employers in the fast-food business have work immediately available for someone with Martinez'[s] background and abilities. The fact that each fast-food restaurant has a variety of tasks that must be performed by a crew of several employees allows employers in the industry to accommodate someone with limitations such as Mr. Martinez....

Based on this information, the Commission concluded that work was "reasonably available."

¶ 15 But, Media–Paymaster Plus's only witness specifically testified that jobs that Martinez could perform were not presently in existence. Moreover, she testified a job would have to be modified or created specially to accommodate Martinez. The Commission itself impliedly recognized that a potential employer would have to exempt Martinez from certain fast food worker tasks. The Commission failed to make specific findings on what accommodations Martinez would require and whether it would be reasonable to expect fast food employers to exempt Martinez from certain tasks, to permit Martinez to sit for as long as necessary, and to make any other accommodations that Martinez's disabilities would require.

¶ 16 We cannot harmonize the witness's testimony that no jobs were in existence for

---

1. Our holding should not be read to prohibit an employer from challenging the subsection (1)(b) presumption with direct evidence before proceeding under subsection (1)(c).

Martinez and that potential employers would have to specially accommodate Martinez with the Commission's conclusion that jobs were "reasonably available." In fact, no such jobs were available. Thus, we conclude that the Commission abused its discretion by ignoring the explicit testimony of the employer's witness and concluding that work was "reasonably available."

¶ 17 We reverse the Commission's order denying Martinez's permanent total disability claim and remand to the Commission to award benefits consistent with the Utah Code section 34A–2–413.

¶ 18 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and PAMELA T. GREENWOOD, Judge.